**SO ORDERED.**

**SIGNED this 9 day of February, 2018.**



_____
**John T. Laney, III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
For the Middle District of Georgia

In the Matter of:                              )
                                               )    CASE NO. 16-41033-JTL
MARY DELL DIXON,                               )    CHAPTER 13
    Debtor.                                    )

**ORDER ON MOTION FOR RELIEF FROM STAY**

MOVANT:   **CREDIT ACCEPTANCE CORPORATION**
SUBJECT PROPERTY:   **2012 Kia Optima, VIN 5XXGM4A74CG024536**

After notice and a hearing the motion is ordered:

- ☐ Granted.  The Trustee shall reduce Movant's claim relating to this collateral to the amount paid.  Movant is granted leave to seek allowance of a deficiency claim, if appropriate.
- ■ Denied on the condition that:
    - ■ The debtor(s) shall make timely post-petition payments as required by the Chapter 13 plan.
    - ■ The debtor(s) tender payments to the Movant or take other such action as follows:
    - ■ The debtor(s) shall maintain full-coverage insurance on the collateral for the life of the plan.
    - ☐ The debtor(s) shall cure the post-petition arrearages of $_____ in equal monthly installments of $_____ over (___) _____ months beginning _____.
- ■ That in the event the debtor(s) fail to comply with the terms of this order, the Movant, through its authorized representative may file an affidavit setting forth the default served upon debtor(s), co-debtor (if applicable), debtor's attorney, and trustee and upon the expiration of fifteen (15) days without curing the alleged default and filing of a counter affidavit by the debtor(s) disputing the fact of default, an order may be entered lifting the automatic stay without further motion, notice of hearing.   The debtor(s) shall have a fifteen (15) day right to cure.
- ■ The debtor(s) shall only be allowed three (3) strict-compliance cures; else on the fourth default the stay be lifted without further notice or hearing.
- ■ The parties agree and acknowledge that the terms of this agreed/stipulated order will not survive the dismissal of the debtor's bankruptcy case.
- ☐ The Court grants immediate relief and waives the requirements of 4001(a)(3).
- ☐ Further ordered that without any further notice and hearing, any order lifting the stay will provide that the Debtor's plan is modified to provide that the payment of the Movant's claim shall no longer be provided for under 1322(b)(5)and that the Trustee shall cease funding the same claim upon entry of the order.   Accordingly, Fed. R. Bank. P. 3002.1 shall no longer apply as to Movant, as said Rule only applies in Chapter 13 cases in which claims secured by the Debtor's principal residence are provided for under Section 1322(b)(5) of the Code of the Debtor's plan.
- ■ Other provisions: <u>Strict compliance shall run for twelve (12) months</u>.

END OF DOCUMENT

By our signatures below we do hereby consent to the entry of the foregoing order:

| | | |
|---|---|---|
| /s/ Mark A. Gilbert | /s/ America Cross | /s/ T. Michael Jones |
| Ronald Levine, Attorney for Movant | w/express permission | w/express permission |
| Georgia Bar No. 448736 | Attorney for Debtor | For Trustee |

Prepared and signed with Express Permission by:
Mark A. Gilbert, Attorney at Law
State Bar No. 293797
P.O. Box 5437, Valdosta, GA 31603-5437
(229) 242-7562
mark.gilbert@colemantalley.com